(Official Form 1) (9/01) West Group, Rochester, NY

| FORM B1 | **United States Bankruptcy Court** | **Voluntary Petition** |
|---|---|---|

_NORTHERN_ District of _ILLINOIS_

| Name of Debtor (If individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| *Guse Erickson Co., (an Illinois Corp.), a Corporation* | |

| All Other Names used by the Debtor in the last 6 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years (include married, maiden, and trade names): |
|---|---|
| *NONE* | |

| Soc. Sec./Tax I.D. No. (if more than one, state all): | Soc. Sec./Tax I.D. No. (if more than one, state all): |
|---|---|
| 36-3685514 | |

| Street Address of Debtor (No. & Street, City, State & Zip Code): | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
|---|---|
| *c/o Mark E. Guse* *2 Jacqueline Drive* *Downers Grove IL  60515* | |

| County of Residence or of the Principal Place of Business:  *DuPage* | County of Residence or of the Principal Place of Business: |
|---|---|

| Mailing Address of Debtor (if different from street address): *SAME* | Mailing Address of Joint Debtor (if different from street address): |
|---|---|

| Location of Principal Assets of Business Debtor (If different from street address above):  *SAME* |
|---|

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

**Type of Debtor** (Check all boxes that apply)

☐ Individual(s)
☒ Corporation
☐ Partnership
☐ Other _____

☐ Railroad
☐ Stockbroker
☐ Commodity Broker

**Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

☒ Chapter 7   ☐ Chapter 11   ☐ Chapter 13
☐ Chapter 9   ☐ Chapter 12
☐ Sec. 304 - Case ancillary to foreign proceeding

**Nature of Debts** (Check one box)

☐ Consumer/Non-Business   ☒ Business

**Filing Fee** (Check one box)

☒ Full Filing Fee attached
☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3.

**Chapter 11 Small Business** (Check all boxes that apply)

☐ Debtor is a small business as defined in 11 U.S.C. § 101
☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

**Statistical/Administrative Information**   (Estimates only)

☒ Debtor estimates that funds will be available for distribution to unsecured creditors.

☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

| Estimated Assets | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $1 |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | |

| Estimated Debts | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $1 |
|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | |

THIS SPACE IS FOR COURT USE ONLY

U.S. Bankruptcy Court
Northern District Of Illinois
Filed: 10/25/2004
Time: 13:19:18
Debtor: GUSE ERICKSON CO A CORP
Case: 04-39579     Fee : 209
Chapter: 7 Rec. # : 3107842
Judge: John Squires
341 mtg: 11/24/2004 @ 02:30PM
Trustee: DAVID GROCHOCINSKI

1:04BK39579-BK001

(Official Form 1) (9/01) West Group, Rochester, NY

**FORM B1, Page 2**

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): Guse Erickson Co., (an Illinois Corp.), a Corporation |
|---|---|

### Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)

| Location Where Filed: *NONE* | Case Number: | Date Filed: |
|---|---|---|

### Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)

| Name of Debtor: *NONE* | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief avaiable under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

### Signature of Attorney

X _____
Signature of Attorney for Debtor(s)

*Cary Brown  3124088-BCAR*
Printed Name of Attorney for Debtor(s)

*Cary Brown*
Firm Name

*7220 W. 194th St. - Suite 107*
Address

*Tinley Park IL  60477*

*815-806-3180*
Telephone Number          Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

*Mark E. Guse*
Printed Name of Authorized Individual

*Officer*
Title of Authorized Individual

_____
Date

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g. forms 10K and 10Q) with teh Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11)

☐ Exhibit A is attached and made a part of this petition

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)
I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____
Signature of Attorney for Debtor(s)          Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to propose a threat of imminent and identifiable harm to public health and safety?

☐ Yes, and exhibit C is attached and made a part of this petition.
☒ No

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re *Guse Erickson Co., (an Illinois Corp.)*
   *a Corporation*

Case No.
Chapter  7

_____/ Debtor

## STATEMENT REGARDING CORPORATE RESOLUTION

The undersigned Mark E. Guse is Officer of Guse Erickson Co., (an Illinois Corp.), a (n) Illinois corporation. On 10/05/2004 the following resolution was duly adopted by the All Shareholders of this corporation.

"WHEREAS, it is in the best interests of this corporation to file a voluntary petition in the United States Bankruptcy Court pursuant to Chapter 7 of Title 11 of the United States Code:

"NOW, THEREFORE, BE IT RESOLVED, that Mark E. Guse, Officer of this corporation, be and hereby is, authorized and directed to execute and deliver all documents necessary to perfect the filing of a Chapter 7 voluntary bankruptcy case in the United States Bankruptcy Court on behalf of the corporation; and

"BE IT FURTHER RESOLVED, that Mark E. Guse, Officer of this corporation, be and hereby is, authorized and directed to appear in all such bankruptcy proceedings on behalf of the corporation, and to otherwise do and perform any and all acts and deeds and to execute and deliver all necessary documents on behalf of the corporation in connection with said bankruptcy proceedings; and

"BE IT FURTHER RESOLVED, that Mark E. Guse, Officer of this corporation, be and hereby is, authorized and directed to employ Cary Brown, Attorney and the law firm of Cary Brown, to represent the corporation in said bankruptcy proceedings."

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION

I, Mark E. Guse, Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing resolution and it is true and correct to the best of my knowledge, information, and belief.

Date   10/05/2004 _____

Signature _____

Mark E. Guse
Officer

FORM B6A (10/89) West Group, Rochester, NY

In re _Guse Erickson Co., (an Illinois Corp.)_____/ Debtor      Case No._____

(if known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether the husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled 'Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C-Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H Wife--W Joint--J Community--C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| _None_ | | | | _None_ |
| | | | **TOTAL $** | _0.00_ |

(Report also on Summary of Schedules.)

No continuation sheets attached

FORM B6B (10/89) West Group, Rochester, NY

In re _Guse Erickson Co., (an Illinois Corp.)_ _____ / Debtor    Case No. _____
                                                                        (if known)

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an 'X' in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own property by placing an 'H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C-Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases. If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property "

| Type of Property | None | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Market Value of Debtor's Interest, In Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | _Checking Account - approx. balance_ _TCF Bank, Chicago IL 60603_ _Location: In debtor's possession_ | | $ 7,000.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Goverment and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 15. Accounts Receivable. | | _Receivable - Chicago Park District_ _Contract # P-20066_ _Location: In debtor's possession_ | | $ 76,610.38 |

FORM B6B (10/89) West Group, Rochester, NY

In re _Guse Erickson Co., (an Illinois Corp.)_ _____ / Debtor     Case No. _____
                                                                          (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | Receivable - Capital Development Board of Illinois<br>Contract # 50051048481<br><br>Location: In debtor's possession | | $ 67,971.23 |
| | | Receivable - Capital Development Board of Illinois<br>Contract # 50052107781<br>Location: In debtor's possession | | $ 183,581.33 |
| | | Receivable - Capital Development Board of Illinois<br>Contract # 50053066381<br>Location: In debtor's possession | | $ 28,693.25 |
| | | Receivable - Capital Development Board of Illinois<br>Contract # 50054040881<br>Location: In debtor's possession | | $ 125,087.00 |
| | | Receivable - Capital Development Board of Illinois<br>Contract # 50053084081<br>Location: In debtor's possession | | $ 135,600.00 |
| | | Receivable - Capital Development Board of Illinois<br>Contract # 50052050341<br>Location: In debtor's possession | | $ 49,890.35 |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor include tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those | X | | | |

Page __2__ of __3__

FORM B6B (10/89) West Group, Rochester, NY

In re  _Guse Erickson Co., (an Illinois Corp.)_ _____ / Debtor    Case No. _____
                                                                      (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Market Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| listed in Schedule of Real Property. | | | | |
| 19. Contingent and non-contingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers and other vehicles. | | _Car - 2002 Lincoln Town Car_ _Location: In debtor's possession_   _Car - Ford Focus_ _Location: In debtor's possession_ | | $ 22,642.00   $ 10,690.00 |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircarft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | Total ➡ | $ 707,765.54 |

(Report total also on Summary of Schedules.)
Include amounts from any continuation sheets attached.

FORM B6D (6/90) West Group, Rochester, NY

In re _Guse Erickson Co., (an Illinois Corp.)_ _____ / Debtor    Case No. _____
(if known)

# SCHEDULE D-CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding claims secured by property of the debtor as of the date of filing of the petition. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column marked "Codebtor," include the entity on the appropriate schedule of creditors and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including Zip Code | Codebtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, if any |
|---|---|---|---|---|---|---|---|
| Account No: Creditor # : 1 Capital Devlopment Board of IL 401 S. Spring Street Springfield IL 62706 | | thru 2004 Stakeholder-DebtorsReceivables Receivable <br><br> Value: $ 328,162.94 | | | X | $ 3,200.00 | $ 0.00 |
| Account No: 507000100291329001 Creditor # : 2 Cole Taylor Bank POB 88483 Chicago IL 60680 | X | thru 2004 <br><br> Value: $ 0.00 | | | | $ 229,457.23 | $ 229,457.23 |
| Account No: 507000100291329002 Creditor # : 3 Cole Taylor Bank POB 88483 Chicago IL 60680 | | thru 2004 Purchase Money Security Car <br><br> Value: $ 10,690.00 | | | | $ 10,690.00 | $ 0.00 |
| Account No: 31453518 Creditor # : 4 Ford Credit POB 64400 Colorado Springs CO 80962 | | thru 2004 Purchase Money Security Car <br><br> Value: $ 22,642.00 | | | | $ 22,642.00 | $ 0.00 |

| | | |
|---|---|---|
| 1  continuation sheets attached | Subtotal $ (Total of this page) | 265,989.23 |
| | Total $ (Use only on last page. Report total also on Summary of Schedules) | 265,989.23 |

FORM B6D (6/90) West Group, Rochester, NY

In re _Guse Erickson Co., (an Illinois Corp.)_____/ Debtor       Case No. _____
                                                                                              (if known)

# SCHEDULE D-CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address Including Zip Code | Codebtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, if any |
|---|---|---|---|---|---|---|---|
| Account No: | | | | | | | |
| | | Value: | | | | | |
| | | | | | | | |

Sheet No. 0  of  1  continuation sheets attached to Schedule of Creditors Holding Secured Claims

| | | |
|---|---|---|
| **Subtotal $** (Total of this page) | | 265,989.23 |
| **Total $** (Use only on last page. Report total also on Summary of Schedules) | | 265,989.23 |

FORM B6E (4/98) West Group, Rochester, NY

In re _Guse Erickson Co., (an Illinois Corp.)_ _____ / Debtor        Case No._____
                                                                                      (if known)

# SCHEDULE E-CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name and mailing address, including zip code, and account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS    (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐ **Wages, salaries, and commissions**
Wages, salaries, and commisions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,650* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐ **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $4,650* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**
Claims of individuals up to $2,100* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐ **Alimony, Maintenance or Support**
Claims of a spouse, former spouse, or child of the debtor, for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☒ **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, custom duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

*Amounts are subject to adjustment on April 1, 2004, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_1_  continuation sheets attached

FORM B6E (10/89) West Group, Rochester, NY

In re _Guse Erickson Co., (an Illinois Corp.)_____ / Debtor    Case No._____

(if known)

# SCHEDULE E-CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

TYPE OF PRIORITY  *Taxes and Certain Other Debts Owed to Governmental Units*

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and consideration for Claim H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Total Amount of Claim | Amount Entitled to Priority |
|---|---|---|---|---|---|---|---|
| Account No: *2004-PW-WJ05-1628* <br> *Creditor # : 1* <br> *Illinois Department of Labor* <br> *160 N. LaSalle St.-Suite C1300* <br> *Chicago IL 60601* | | *thru 2004* <br> *Prevailing Wage Claim* <br> *Paid* | | | X | $ 1.00 | $ 1.00 |
| Account No: | | | | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |

Sheet No. _1_ of _1_ continuation sheets attached to

Schedule of Creditors

Subtotal $ (Total of this page) ............ 1.00

Total $ .................................... 1.00

(Use only on last page of the completed Schedule E. Report total also on Summary of Schedules)

FORM B6F (9/97) West Group, Rochester, NY

In re _Guse Erickson Co., (an Illinois Corp.)_ _____ / Debtor    Case No._____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and account number, if any, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No: Creditor # : 1 Accurate Custom Cabinets 115 West Fay Avenue Addison IL 60101 | | thru 2004 trade creditor Lien Filed | | | | $ 26,196.00 |
| Account No: Creditor # : 2 Accurate Partitions Corp. POB 287 Lyons IL 60534 | | thru 2004 trade creditor | | | | $ 880.00 |
| Account No: Creditor # : 3 ACM Elevator 2293 S. Mount Prospect Rd. Des Plaines IL 60018 | | thru 2004 trade creditor | | | | $ 10,470.00 |
| Account No: Creditor # : 4 Airport Electric Company 5342 S. Central Avenue Chicago IL 60638 | | thru 2004 trade creditor | | | | $ 17,537.94 |

_13_ continuation sheets attached

Subtotal $   55,083.94
(Total of this page)

Total $
(Report total also on Summary of Schedules)

FORM B6F (9/97) West Group, Rochester, NY

In re _Guse Erickson Co., (an Illinois Corp.)_____ / Debtor     Case No._____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No:<br>Creditor # : 5<br>All American Roofing Inc.<br>550 Telser Road<br>Lake Zurich IL 60047 | | thru 2004<br>trade creditor<br>Lien Filed | | | | $ 15,600.00 |
| Account No:<br>Creditor # : 6<br>Allied Drywall Materials<br>222 East Windsor<br>Lombard IL 60148 | | thru 2004<br>trade creditor<br>Lien Filed | | | | $ 3,374.60 |
| Account No:<br>Creditor # : 7<br>Armor Tile and Supply<br>13700 South Cicero Avenue<br>Crestwood IL 60445 | | thru 2004<br>trade creditor | | | | $ 285.83 |
| Account No:<br>Creditor # : 8<br>Bornquist, Inc.<br>7050 Lehigh Avenue<br>Chicago IL 60646 | | thru 2004<br>trade creditor | | | | $ 486.00 |
| Account No:<br>Creditor # : 9<br>Built Right<br>550 North York Road<br>Bensenville IL 60106 | | thru 2004<br>trade creditor | | | | $ 12,780.00 |
| Account No:<br>Creditor # : 10<br>C & C Sealants<br>576 Covered Bridge Drive<br>Elgin IL 60123 | | thru 2004<br>trade creditor | | | | $ 1,342.00 |

Sheet No. _1_ of _13_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $    33,868.43
(Total of this page)
Total $
(Report total also on Summary of Schedules)

FORM B6F (9/97) West Group, Rochester, NY

In re _Guse Erickson Co., (an Illinois Corp.)_____ / Debtor    Case No. _____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No: Creditor # : 11 Capital Indemnity Corporation POB 5900 Madison WI 53705 | X | thru 2004 Bonding Company Secured by various receivables listed in Schedule B - Item 15. *Subject to Setoff | X | X | X | $ 100,000.00 |
| Account No: Creditor # : 12 Carey, Filter, White & Boland 33 W. Jackson Blvd. - 5th FL Chicago   IL 60604 | | thru 2004 legal work for debtor 02 CH 2203 and 03 CH 05766 Contact Person, Michael J. Murray | X | X | | $ 1.00 |
| Account No: Creditor # : 13 Chicago Block & Brick POB 5222 Lisle IL 60532 | | thru 2004 trade creditor | | | | $ 2,358.56 |
| Account No: Creditor # : 14 Chris Industries, Inc. 2810 Old Willow Road Northbrook IL 60062 | | thru 2004 trade creditor | | | | $ 5,576.53 |
| Account No: Creditor # : 15 Classic Hardware 388 Gunderson Drive Carol Stream IL 60188 | | thru 2004 trade creditor | | | | $ 470.00 |
| Account No: Creditor # : 16 D J Sweeney 6813 Hobson Valley Drive - 106 Woodridge IL 60517 | | thru 2004 trade creditor | | | | $ 20,702.16 |

Sheet No. _2_ of _13_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal $    129,108.25
(Total of this page)
Total $
(Report total also on Summary of Schedules)

FORM B6F (9/97) West Group, Rochester, NY

In re _Guse Erickson Co., (an Illinois Corp.)_ _____ / Debtor    Case No. _____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | C o d e b t o r | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Amount of Claim |
|---|---|---|---|---|---|---|
| | | H--Husband<br>W--Wife<br>J--Joint<br>C--Community | | | | |
| Account No:<br>Creditor # : 17<br>Division 10 Supplies, Inc.<br>371 Balm Court<br>Woodale IL 60191 | | thru 2004<br>trade creditor | | | | $ 1,638.82 |
| Account No:<br>Creditor # : 18<br>Door Doctors<br>38 West 640 Sunset Drive<br>St. Charles IL 60175 | | thru 2004<br>trade creditor | | | | $ 3,584.00 |
| Account No:<br>Creditor # : 19<br>Door Sytems Inc.<br>751 Expressway Drive<br>Itasca IL 60143 | | thru 2004<br>trade creditor | | | | $ 3,835.00 |
| Account No:<br>Creditor # : 20<br>Drost, Schultz & Pohl<br>1530 E. Dundee Rd. - 200<br>Palatine IL 60067 | | thru 2004<br>business insurance | | | | $ 1,361.00 |
| Account No:<br>Creditor # : 21<br>Eagle R<br>1716 Indian Avenue<br>Aurora IL 60505 | | thru 2004<br>trade creditor | | | | $ 6,250.00 |
| Account No:<br>Creditor # : 22<br>ECC<br>16602 S. Crawford Ave. - 3<br>Markham IL 60426 | | thru 2004<br>trade creditor | | | | $ 1,100.00 |

Sheet No.  3  of  13 continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $ 17,768.82
(Total of this page)
Total $
(Report total also on Summary of Schedules)

FORM B6F (9/97) West Group, Rochester, NY

In re _Guse Erickson Co., (an Illinois Corp.)_____ / Debtor      Case No._____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | C o d e b t o r | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No:<br>Creditor # : 23<br>EHC Industries<br>366 Hollow Hill Drive<br>Wauconda IL 60084 | | thru 2004<br>trade creditor | | | | $ 2,980.00 |
| Account No:<br>Creditor # : 24<br>Flynn & Associates<br>14640 Shetland Drive<br>Homer Glen IL 60491-8808 | | thru 2004<br>Accounting Services<br>Believed Paid - (for notice purposes) | | | X | $ 1.00 |
| Account No:<br>Creditor # : 25<br>Great Lakes Plumbing<br>4521 West Diversey<br>Chicago IL 60639 | | thru 2004<br>trade creditor | | | | $ 5,900.00 |
| Account No:<br>Creditor # : 26<br>Harry Kloeppel<br>2399 S. Foster Avenue<br>Wheeling IL 60090 | | thru 2004<br>trade creditor | | | | $ 57,000.00 |
| Account No:<br>Creditor # : 27<br>Henry Schein<br>135 Duryea Road<br>Melville NY 11747 | | thru 2004<br>trade creditor | | | | $ 20,000.00 |
| Account No:<br>Creditor # : 28<br>Home Depot<br>POB 6031<br>The Lakes NV 88901 | | thru 2004<br>trade creditor | | | | $ 3,571.43 |

Sheet No. _4_ of _13_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $     89,452.43
(Total of this page)
Total $
(Report total also on Summary of Schedules)

FORM B6F (9/97) West Group, Rochester, NY

In re _Guse Erickson Co., (an Illinois Corp.)_ _____ / Debtor          Case No. _____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No: <br> Creditor # : 29 <br> ICS <br> 400 Fisher Street - Unit H <br> Munster IN 46321 | | thru 2004 <br> trade creditor | | | | $ 336.00 |
| Account No: <br> Creditor # : 30 <br> Illiana Inc. <br> 355 North Clark Road <br> Gary IN 46406 | | thru 2004 <br> trade creditor <br> Lien Filed | | | | $ 25,220.00 |
| Account No: <br> Creditor # : 31 <br> Impressions Cleaning <br> 328 North Addison Avenue <br> Elmhurst IL 60126 | | thru 2004 <br> trade creditor | | | | $ 885.00 |
| Account No: <br> Creditor # : 32 <br> Indoff <br> 2400 E. Main St. - 161 <br> St. Charles IL 60174 | | thru 2004 <br> trade creditor | | | | $ 1,102.50 |
| Account No: <br> Creditor # : 33 <br> J P Phillips <br> 3220 Wolf Road <br> Franklin Park IL 60131 | | thru 2004 <br> trade creditor | | | | $ 6,880.00 |
| Account No: <br> Creditor # : 34 <br> Jepp Corp. <br> 1466 Farington <br> Naperville IL 60563 | | thru 2004 <br> trade creditor | | | | $ 4,100.00 |

Sheet No. __5__ of __13__ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $      38,523.50
(Total of this page)
Total $
(Report total also on Summary of Schedules)

FORM B6F (9/97) West Group, Rochester, NY

In re _Guse Erickson Co., (an Illinois Corp.)_____ / Debtor        Case No. _____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | Codebtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:<br>Creditor # : 35<br>John Caretti & Company<br>2243 North Lister Street<br>Chicago IL 60614 | | | thru 2004<br>trade creditor | | | | $ 19,969.34 |
| Account No:<br>Creditor # : 36<br>Just Right Accoustics<br>201 Crossen Avenue<br>ElkGroveVillage IL 60007 | | | thru 2004<br>trade creditor | | | | $ 2,450.00 |
| Account No:<br>Creditor # : 37<br>K Keup Concrete Construction<br>POB 880<br>Batavia IL 60510 | | | thru 2004<br>trade creditor<br>Lien Filed | | | | $ 6,616.00 |
| Account No:<br>Creditor # : 38<br>Lance Construction<br>4225 West Ogden Avenue<br>Chicago IL 60623 | | | thru 2004<br>trade creditor | | | | $ 768.33 |
| Account No:<br>Creditor # : 39<br>M A Bruder<br>351 Indian Trail Road<br>Aurora IL 60505 | | | thru 2004<br>trade creditor | | | | $ 2,631.11 |
| Account No:<br>Creditor # : 40<br>Malibu Construction<br>POB 9196<br>Naperville IL 60567 | | | thru 2004<br>trade creditor<br>Lien Filed | | | | $ 11,370.00 |

Sheet No. _6_ of _13_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $   (Total of this page)   43,804.78

Total $
(Report total also on Summary of Schedules)

FORM B6F (9/97) West Group, Rochester, NY

In re _Guse Erickson Co., (an Illinois Corp.)_ _____ / Debtor    Case No. _____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No: Creditor # : 41 Maria's Construction c/o Barry A. Chatz, Trustee 120 S. Riverside Plaza -1200 Chicago IL 60606-3910 | | thru 2004 litigation - trade creditor Maria's Construction, Inc. v. Guse Erickson Co. | | | X | $ 325,274.33 |
| Account No: Representing: Maria's Construction | | Mr. Barry A. Chatz Arnstein & Lehr 120 Riverside Plaza - 1200 Chicago IL 60606-3910 | | | | |
| Account No: Representing: Maria's Construction | | Mr. Douglas W. Bax 20 N. Wacker Drive - 3230 Chicago IL 60606 | | | | |
| Account No: Creditor # : 42 McMaster Carr POB 7690 Chicago    IL 60680 | | thru 2004 trade creditor | | | | $ 985.29 |
| Account No: Creditor # : 43 McWilliams Electric 1401 Rodenburg Road Schaumburg IL 60193 | | thru 2004 trade creditor | | | | $ 40,558.00 |
| Account No: Creditor # : 44 Meyer Paving, Inc. 1051 N. Rohling Road Lombard IL 60148 | | thru 2004 trade creditor | | | | $ 4,448.00 |

Sheet No. __7__ of __13__ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $     371,265.62
(Total of this page)
Total $
(Report total also on Summary of Schedules)

FORM B6F (9/97) West Group, Rochester, NY

In re _Guse Erickson Co., (an Illinois Corp.)_ _____ / Debtor   Case No. _____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | C o d e b t o r | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No:<br>Creditor # : 45<br>Mid-State Surety Corporation<br>102 Kercheval Avenue<br>GrossePointFarms MI 48236 | X | thru 2004<br>Bonding Company<br>Secured by various receivables<br>listed in Schedule B - Item 15.<br><br>*Subject to Setoff | X | X | X | $ 475,000.00 |
| Account No:<br>Creditor # : 46<br>Midwest Fence<br>900 N. Kedzie<br>Chicago IL 60651 | | thru 2004<br>trade creditor | | | | $ 191.25 |
| Account No:<br>Creditor # : 47<br>Nesterowicz & Associates, Inc.<br>313 West Main Street<br>Kirkland IL 60146 | | thru 2004<br>trade creditor | | | | $ 8,458.00 |
| Account No:<br>Creditor # : 48<br>Northern Contracting Inc.<br>1851 Coltonville Road<br>Sycamore IL 60178 | | thru 2004<br>trade creditor | | | | $ 960.00 |
| Account No:<br>Creditor # : 49<br>O'Neal Building Systems<br>1500 Little Avenue<br>Sauget IL 62206 | | thru 2004<br>trade creditor | | | | $ 37,200.00 |
| Account No:<br>Creditor # : 50<br>Overland Doors of Illinois<br>501 Ridge Road<br>Homewood IL 60430 | | thru 2004<br>trade creditor | | | | $ 3,379.20 |

Sheet No. _8_ of _13_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $   525,188.45
(Total of this page)
Total $
(Report total also on Summary of Schedules)

FORM B6F (9/97) West Group, Rochester, NY

In re _Guse Erickson Co., (an Illinois Corp.)_____ / Debtor     Case No. _____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | Codebtor | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No: Creditor # : 51 Precision Metals, Inc. 5265 North 124th Street Milwaukee WI 53225 | | thru 2004 trade creditor | | | | $ 2,834.29 |
| Account No: Creditor # : 52 Prospect Office Center c/o Buren & Co., Inc. 2811 S. Fairfield Avenue Lombard IL 60148 | | thru 2004 office lease | X | | | $ 50,778.00 |
| Account No: Creditor # : 53 R & W Clark 15563 S. 70th Court Orland Park IL 60462 | | thru 2004 trade creditor Lien Filed | | | | $ 49,975.00 |
| Account No: Creditor # : 54 R D Roman 2421 North Coart Street Rockford IL 61103 | | thru 2004 trade creditor | | | | $ 11,270.00 |
| Account No: Creditor # : 55 R E Burke 7667 Gross Point Road Skokie IL 60077 | | thru 2004 trade creditor Lien Filed | | | | $ 13,700.00 |
| Account No: Creditor # : 56 Rauch Clay Sales Corp. 3037 S. Christiana Ave. Chicago IL 60623 | | thru 2004 trade creditor | | | | $ 692.00 |

Sheet No. _9_ of _13_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal $      129,249.29
(Total of this page)
Total $
(Report total also on Summary of Schedules)

FORM B6F (9/97) West Group, Rochester, NY

In re _Guse Erickson Co., (an Illinois Corp.)_ _____ / Debtor      Case No. _____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | C o d e b t o r | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No: <br> Creditor # : 57 <br> Rental Max <br> 929 North Lake <br> Aurora IL 60506 | | thru 2004 <br> trade creditor | | | | $ 458.49 |
| Account No: <br> Creditor # : 58 <br> Revilo, Ltd. <br> 813 East 142nd Street <br> Dolton IL 60419 | | thru 2004 <br> trade creditor | | | | $ 1,545.00 |
| Account No: <br> Creditor # : 59 <br> Roughneck Concrete Drilling <br> 3400 Lehigh Avenue <br> Morton Grove IL 60053 | | thru 2004 <br> trade creditor | | | | $ 1,600.00 |
| Account No: <br> Creditor # : 60 <br> RSI <br> 1313 Circle Avenue <br> Forest Park IL 60130 | | thru 2004 <br> trade creditor | | | | $ 700.60 |
| Account No: <br> Creditor # : 61 <br> RSM McGladrey, Inc. <br> 30 S. Wacker Drive - 3500 <br> Chicago IL 60606-7462 | | thru 2003 <br> Accounting Services <br> Believed Paid - (for notice <br> purposes) | | X | | $ 1.00 |
| Account No: <br> Creditor # : 62 <br> Safe Guard Security <br> 4728 Goldfield - Bld 8 <br> San Antonio TX 78218 | | thru 2004 <br> trade creditor | | | | $ 342.00 |

Sheet No. _10_ of _13_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal $   4,647.09
(Total of this page)
Total $
(Report total also on Summary of Schedules)

FORM B6F (9/97) West Group, Rochester, NY

In re _Guse Erickson Co., (an Illinois Corp.)_ / Debtor    Case No. _____
                                                                      (if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | C o d e b t o r | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No:<br>Creditor # : 63<br>Service Glass Co.<br>4161 South Morgan<br>Chicago IL 60609 | | thru 2004<br>trade creditor | | | | $ 49,788.00 |
| Account No:<br>Creditor # : 64<br>Steel Management Inc.<br>215 Lakeside Court # 1225<br>St. Charles IL 60174 | | thru 2004<br>trade creditor | | | | $ 2,830.00 |
| Account No:<br>Creditor # : 65<br>Streich Corporation<br>3230  86th Court<br>Justice IL 60458 | | thru 2004<br>trade creditor | | | | $ 3,150.00 |
| Account No:<br>Creditor # : 66<br>Stutz Plumbing<br>7240 Circle Avenue<br>Forest Park IL 60130 | | thru 2004<br>trade creditor | | | | $ 5,400.00 |
| Account No:<br>Creditor # : 67<br>Super Masonry Cleaning<br>524 Colorado Avenue<br>Aurora IL 60506 | | thru 2004<br>trade creditor | | | | $ 500.00 |
| Account No:<br>Creditor # : 68<br>Swissler Bros. Plumbing<br>POB 41<br>South Elgin IL 60177 | | thru 2004<br>trade creditor | | | | $ 36,189.37 |

Sheet No. _11_ of _13_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $     97,857.37
(Total of this page)

Total $
(Report total also on Summary of Schedules)

FORM B6F (9/97) West Group, Rochester, NY

In re _Guse Erickson Co., (an Illinois Corp.)_ / Debtor    Case No. _____

(if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | C o d e b t o r | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. H--Husband W--Wife J--Joint C--Community | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No:<br>Creditor # : 69<br>Tony's Painting<br>630 Iowa Avenue<br>Aurora IL 60506 | | thru 2004<br>trade creditor | | | | $ 5,700.00 |
| Account No:<br>Creditor # : 70<br>Tree Towns<br>542 Spring Road<br>Elmhurst IL 60126 | | thru 2004<br>trade creditor | | | | $ 35.50 |
| Account No:<br>Creditor # : 71<br>Tri-City Excavation<br>POB 412<br>Batavia IL 60510 | | thru 2004<br>trade creditor | | | | $ 1,000.00 |
| Account No:<br>Creditor # : 72<br>United Fire & Casualty Company<br>118 Second Avenue SE<br>Cedar Rapids IA 52401 | X | thru 2004<br>Bonding Company<br>Secured by various receivables<br>listed in Schedule B - Item 15.<br><br>*Subject to Setoff | X | X | X | $ 50,000.00 |
| Account No:<br>Creditor # : 73<br>Valley Security Co.<br>98 Riverwood Drive<br>Oswego IL 60543 | | thru 2004<br>trade creditor<br>Lien Filed | | | | $ 29,995.00 |
| Account No:<br>Creditor # : 74<br>Villa Mechanical, Inc.<br>14001 S. Kostner Avenue<br>Crestwood IL 60445 | | thru 2004<br>trade creditor | | | | $ 3,260.32 |

Sheet No. _12_ of _13_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $    89,990.82
(Total of this page)
Total $
(Report total also on Summary of Schedules)

FORM B6F (9/97) West Group, Rochester, NY

In re _Guse Erickson Co., (an Illinois Corp.)_ _____ / Debtor    Case No. _____
                                                                                    (if known)

# SCHEDULE F-CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address including Zip Code | C o d e b t o r | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | C o n t i n g e n t | U n l i q u i d a t e d | D i s p u t e d | Amount of Claim |
|---|---|---|---|---|---|---|
| Account No:<br>Creditor # : 75<br>Water One<br>960 Muirfield Drive<br>Hanover Park IL 60103 | | thru 2004<br>trade creditor | | | | $ 22.50 |
| Account No:<br>Creditor # : 76<br>Way-Ken Contractors Supply Co.<br>3525 N. Milwaukee Avenue<br>Chicago IL 60641 | | thru 2004<br>litigation - trade creditor<br>Way-Ken Contractors Supply Co. v.<br>Guse Erickson Co. | | | X | $ 26,051.64 |
| Account No:<br>Representing:<br>Way-Ken Contractors Supply Co. | | Mr. Michael T. Nigro<br>Nigro & Westfall<br>1793 Bloomingdale Road<br>Glendale Heights IL 60139 | | | | |
| Account No:<br>Creditor # : 77<br>Wellbuilt Equipment<br>617 South Maple<br>Grant Park IL 60940 | | thru 2004<br>trade creditor | | | | $ 2,480.63 |
| Account No:<br>Creditor # : 78<br>Wirtz Rentals<br>1045 West 47th Street<br>Chicago IL 60609 | | thru 2004<br>trade creditor<br>Lien Filed | | | | $ 2,000.00 |
| Account No: | | | | | | |

Sheet No. _13_ of _13_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $   30,554.77
(Total of this page)

Total $   1,656,363.56
(Report total also on Summary of Schedules)

H--Husband
W--Wife
J--Joint
C--Community

FORM B6G (10/89) West Group, Rochester, NY

In re _Guse Erickson Co., (an Illinois Corp.)_ _____ / Debtor    Case No. _____

(if known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.
State nature of debtor's interests in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described.

NOTE: A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate schedule of creditors.

☒ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, including Zip Code, of other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| | |

FORM B6H (6/90) West Group, Rochester, NY

In re _Guse Erickson Co., (an Illinois Corp.)_____ / Debtor    Case No. _____
                                                                              (if known)

# SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☐ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
| Mark E. Guse<br>2 Jacqueline Drive<br>Downers Grove IL   60515 | Capital Indemnity Corporation<br>POB 5900<br>Madison WI   53705<br><br>Cole Taylor Bank<br>POB 88483<br>Chicago IL   60680<br><br>Mid-State Surety Corporation<br>102 Kercheval Avenue<br>GrossePointFarms MI   48236<br><br>United Fire & Casualty Company<br>118 Second Avenue SE<br>Cedar Rapids IA   52401 |
| Mary Guse<br>2 Jacqueline Drive<br>Downers Grove IL   60515 | Capital Indemnity Corporation<br>POB 5900<br>Madison WI   53705<br><br>Mid-State Surety Corporation<br>102 Kercheval Avenue<br>GrossePointFarms MI   48236<br><br>United Fire & Casualty Company<br>118 Second Avenue SE<br>Cedar Rapids IA   52401 |

FORM B6 (6/90) West Group, Rochester, NY

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In re *Guse Erickson Co., (an Illinois Corp.), a Corporation*

Case No.
Chapter  7

_____ / Debtor

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages on each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | AMOUNTS SCHEDULED | | |
| --- | --- | --- | --- | --- | --- |
| | | | ASSETS | LIABILITIES | OTHER |
| A-Real Property | Yes | 1 | $          0.00 | | |
| B-Personal Property | Yes | 3 | $     707,765.54 | | |
| C-Property Claimed as Exempt | No | 0 | | | |
| D-Creditors Holding Secured Claims | Yes | 2 | | $     265,989.23 | |
| E-Creditors Holding Unsecured Priority Claims | Yes | 2 | | $          1.00 | |
| F-Creditors Holding Unsecured Nonpriority Claims | Yes | 14 | | $   1,656,363.56 | |
| G-Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H-Codebtors | Yes | 1 | | | |
| I-Current Income of Individual Debtor(s) | No | 0 | | | $          0.00 |
| J-Current Expenditures of Individual Debtor(s) | No | 0 | | | $          0.00 |
| Total Number of Sheets in All Schedules ► | | 24 | | | |
| Total Assets ► | | | $     707,765.54 | | |
| Total Liabilities ► | | | | $   1,922,353.79 | |

FORM B6 (6/90) West Group, Rochester, NY

In re _Guse Erickson Co., an Illinois Corp., a Corporation_ / Debtor     Case No. _____

(if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY ON BEHALF OF A CORPORATION

I, _Mark E. Guse_____ _Officer_____ of the _Corporation_____
named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___25__ sheets,
and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____     Signature _____

Name: _Mark E. Guse_

Title: _Officer_

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

Form 7 (9/00)  West Group, Rochester, NY

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

'n re *Guse Erickson Co., (an Illinois Corp.),*   Case No.
 *a Corporation*         Chapter 7

_____ / Debtor

### STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. If the answer to any question is "None," or the question is not applicable, mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporatea debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

## 1. Income from employment or operation of business.

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

<u>AMOUNT</u>        <u>SOURCE (if more than one)</u>

*Year to date: NOL ( Amount*
*TBD )*
*Last Year: $ 33,398.00*
*Year Before: NOL ( $*
*249,104.00 )*

## 2. Income other than from employment or operation of business.

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

Form 7 (9/00)  West Group, Rochester, NY

**3. Payments to creditors.**

a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

**4. Suits and administrative proceedings, executions, garnishments and attachments.**

a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| *Maria's Construction, Inc. v. Guse Erickson Co. Case No.: 02 CH 2203* | *Construction/Lien Litigation* | *Daley Center, Chicago IL* | *Open* |
| *Way-Ken Contractors Supply Co. v. Guse Erickson Co. Case No.: 03 CH 05766* | *Construction/Lien Litigation* | *Daley Center, Chicago IL* | *Open* |
| *Illinois Dept. of Labor v. Guse Erickson Co. Case No.: 2004-PW-WJ05-1628* | *Prevailing Wage Claim* | *IDOL, Springfield IL* | *Paid* |

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

Form 7 (9/00)  West Group, Rochester, NY

## 5. Repossessions, foreclosures and returns.

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *Name: Prospect Office Center Address: c/o Buren & Co., Inc. 2811 S. Fairfield Avenue Lombard, IL 60148* | *10/04* | *Description: (surrendered possession of leasehold - business premises) Value: - 0 -* |

## 6. Assignments and receiverships.

a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 7. Gifts.

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 8. Losses.

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 9. Payments related to debt counseling or bankruptcy.

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| *Payee: Cary Brown Address: 7220 W. 194th St. - Suite 107 Tinley Park, IL 60477* | *Date of Payment: 08 thru 10/04 Payor: Guse Erickson Co., an Illinois Corp.* | *$7,500.00* |

## 10. Other transfers.

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case.(Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

Form 7 (9/00) West Group, Rochester, NY

## 11. Closed financial accounts.

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| Institution: Cole Taylor Bank<br>Address: POB 88483, Chicago IL 60680 | Account Type and No.:<br>Checking Acct. # 0691 39920<br>Final Balance: - 0 - | Closed or Inactive 10/04 |

## 12. Safe deposit boxes.

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 13. Setoffs.

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☒ NONE

## 14. Property held for another person.

List all property owned by another person that the debtor holds or controls.

☒ NONE

## 15. Prior address of debtor.

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| Debtor: Debtor<br>Address: 150 E. 22nd, Lombard IL 60148 | Name(s): - same - | thru 2003 |

## 16. Spouses and Former Spouses

If the debtor resides or resided in a community property state, commonwealth or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the six-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

☒ NONE

Form 7 (9/00) West Group, Rochester, NY

## 17. Environmental Information

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, release of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to disposal sites.

"Hazardous Material" means anything defined as hazardous waste, hazardous substance, toxic substance, hazardoes material, pollutant, or contaminant or similar term under and Environemntal Law.

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

☒ NONE

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

☒ NONE

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law, with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceding, and the docket number.

☒ NONE

## 18. Nature, location and name of business

a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencment of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or moreof the voting or equity securties, within the six years immediately preceding the commencment of this case.

| NAME AND ADDRESS | TAXPAYER I.D. NUMBER | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|
| *Debtor is a Corporation: Guse Erickson Co, Il Corp Business Address: c/o Mark E. Guse, 2 Jacqueline Drive, Downers Grove IL 60515* | *TaxPayer ID: 36-3685514* | *General Construction Contractor* | *ending 10/2004* |

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

☒ NONE

Form 7 (9/00)  West Group, Rochester, NY

QUESTION 19a CONTINUED ...

| NAME AND ADDRESS | DATES SERVICES RENDERED |
| --- | --- |

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)

### 19. Books, records and financial statements.

a. List all bookkeepers and accountants who within the two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
| --- | --- |
| Name: RSM McGladrey, Inc.<br>Address:  30 S. Wacker Drive - 3500,<br>Chicago IL 60606-7462 | Dates:  thru 2003 |
| Name: Flynn & Associates<br>Address: 14640 Shetland Drive, Homer<br>Glen IL 60491-8808 | Dates: 2003 thru 2004 |

b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

☒ NONE

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME AND ADDRESS

Name: Mark E. Guse, President of Debtor Corporation
Address: 2 Jacqeline Drive, Downers Grove IL 60515
Missing: nothing is missing, but the final returns have not yet been prepared, and are not yet due.

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

☒ NONE

### 20. Inventories.

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

☒ NONE

b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

☒ NONE

Form 7 (9/00) West Group, Rochester, NY

**21. Current Partners, Officers, Directors and Shareholders.**

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

☒ NONE

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| Name:Mark E. Guse<br>Address: 2 Jacqueline Drive,<br>Downers Grove IL 60515 | Officer | Common (51%) |
| Name: Scott Bronson<br>Address: 2 Jacqueline Drive,<br>Downers Grove IL 60515 | Officer | Common (49%) |

**22. Former partners, officers, directors and shareholders.**

a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

☒ NONE

b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

☒ NONE

**23. Withdrawals from a partnership or distribution by a corporation.**

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Name: Mark E. Guse<br>Address: 2 Jacqueline Drive,<br>Downers Grove IL 60515<br>Relation: Employee/Corporate Officer | Date:01/04 thru 08/04<br>Purpose: wages | Amount: approx. $ 6,000 y-t-d<br>Description: wages |
| Name: Scott Bronson<br>Address: 2 Jacqueline Drive,<br>Downers Grove IL 60515<br>Relation: Employee/Corporate Officer | Date: 01/04 thru 08/04<br>Purpose: wages | Amount: approx. $ 6,000 y-t-d<br>Description: wages |

**24. Tax Consolidation Group.**

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the six year period immediately preceeding the commencement of the case.

☒ NONE

Form 7 (9/00)  West Group, Rochester, NY

**25. Pension Funds.**

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the six year period immediately preceding the commencement of the case.

☒ NONE

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION

I declare under penalty of Perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information, and belief.

Date _____          Signature _____

Name: *Mark E. Guse*

Title: *Officer*

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both, 18 U.S.C. § 152 and § 3571.

Form B 201 (4/98) West Group, Rochester, NY

# UNITED STATES BANKRUPTCY COURT
## NOTICE TO INDIVIDUAL CONSUMER DEBTOR

The purpose of this notice is to acquaint you with the four chapters of the federal Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy law is complicated and not easily described. Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law should you decide to file a petition with the court. Court employees are prohibited from giving you legal advice.

## Chapter 7: Liquidation ($170 filing fee plus $30 administrative fee)

1.   Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2.   Under chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to priorities of the Bankruptcy Code.

3.   The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankuptcy petition will be defeated.

4.   Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5.   Under certain circumstances you may keep property that you have purchased subject to valid security interest. Your attorney can expain the options that are available to you.

## Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($155 filing fee plus $30 administrative fee)

1.   Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankuptcy Code.

2.   Under chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings. Usually, the period allowed by the court to repay your debts is three years, but no more than five years. Your plan must be approved by the court before it can take effect.

3.   Under chapter 13, unlike chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4.   After completion of payments under the plan, your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

## Chapter 11: Reorganization ($800 filing fee plus $30 administrative fee)

Chapter 11 is designed primarily for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

## Chapter 12: Family farmer ($200 filing fee plus $30 administrative fee)

Chapter 12 is designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm.

I, the debtor, affirm that I have read this notice.

| | | |
|---|---|---|
| _____ | _____ | _____ |
| Date | Signature of Debtor | Case Number |
| | DEBTOR COPY        COURT COPY | |
| | (circle one) | |

(4/98) West Group, Rochester, NY

# STATEMENT OF INFORMATION REQUIRED BY 11 U.S.C. § 341

INTRODUCTION

Pursuant to the Bankruptcy Reform Act of 1994, the Office of the United States Trustee, United States Department of Justice, has prepared this information sheet to help you understand some of the possible consequences of filing a bankruptcy petition under chapter 7 of the Bankruptcy Code. This information is intended to make you aware of

    (1) the potential consequences of seeking a discharge in bankruptcy, including the effects on credit history;
    (2) the effect of receiving a discharge of debts;
    (3) the effect of reaffirming a debt; and
    (4) your ability to file a petition under a different chapter of the Bankruptcy Code.

There are many other provisions of the Bankruptcy Code that may affect your situation. This information sheet contains only general principles of law and is not a substitute for legal advice. If you have questions or need further information as to how the bankruptcy laws apply to your specific case, you should consult with your lawyer.

WHAT IS A DISCHARGE?

The filing of a chapter 7 petition is designed to result in a discharge of most of the debts you listed on your bankruptcy schedules. A discharge is a court order that says you do not have to repay your debts, but there are a number of exceptions. Debts which may not be discharged in your chapter 7 case include, for example, most taxes, child support, alimony, and student loans; court-ordered fines and restitution; debts obtained through fraud or deception; and personal injury debts caused by driving while intoxicated or taking drugs. Your discharge may be denied entirely if you, for example, destroy or conceal property; destroy, conceal or falsify records; or make a false oath. Creditors cannot ask you to pay any debts which have been discharged. You can only receive a chapter 7 discharge once every six (6) years.

WHAT ARE THE POTENTIAL EFFECTS OF A DISCHARGE?

The fact that you filed bankruptcy can appear on your credit report for as long as 10 years. Thus, filing a bankruptcy petition may affect your ability to obtain credit in the future. Also, you may not be excused from repaying any debts that were not listed on your bankruptcy schedules or that you incurred after you filed bankruptcy.

WHAT ARE THE EFFECTS OF REAFFIRMING A DEBT?

After you file your petition, a creditor may ask you to reaffirm a certain debt or you may seek to do so on your own. Reaffirming a debt means that you sign and file with the court a legally enforceable document, which states that you promise to repay all or a portion of the debt that may otherwise have been discharged in your bankruptcy case. Reaffirmation agreements must generally be filed with the court within 60 days after the first meeting of creditors.

Reaffirmation agreements are strictly voluntary - they are not required by the Bankruptcy Code or other state or federal law. You can voluntarily repay any debt instead of signing a reaffirmation agreement, but there may be valid reasons for wanting to reaffirm a particular debt.

Reaffirmation agreements must not impose an undue burden on you or your dependents and must be in your best interest. If you decide to sign a reaffirmation agreement, you may cancel it at any time before the court issues your discharge order or within sixty (60) days after the reaffirmation agreement was filed with the court, whichever is later. If you reaffirm a debt and fail to make the payments required in the reaffirmation agreement, the creditor can take action against you to recover any property that was given as security for the loan and you may remain personally liable for any remaining debt.

OTHER BANKRUPTCY OPTIONS

You have a choice in deciding what chapter of the Bankruptcy Code will best suit your needs. Even if you have already filed for relief under chapter 7, you may be eligible to convert your case to a different chapter.

Chapter 7 is the liquidation chapter of the Bankruptcy Code. Under chapter 7, a trustee is appointed to collect and sell, if economically feasible, all property you own that are not exempt from these actions.

Chapter 11 is the reorganization chapter most commonly used by businesses, but it is also available to individuals. Creditors vote on whether to accept or reject a plan, which also must be approved by the court. While the debtor normally remains in control of the assets, the court can order the appointment of a trustee to take possession and control of the business.

Chapter 12 offers bankruptcy relief to those who qualify as family farmers. Family farmers must propose a plan to repay their creditors over a three-to-five year period and it must be approved by the court. Plan payments are made through a chapter 12 trustee, who also monitors the debtors' farming operations during the pendency of the plan.

Finally, chapter 13 generally permits individuals to keep their property by repaying creditors out of their future income. Each chapter 13 debtor writes a plan which must be approved by the bankruptcy court. The debtor must pay the chapter 13 trustee the amounts set forth in their plan. Debtors receive a discharge after they complete their chapter 13 repayment plan. Chapter 13 is only available to individuals with regular income whose debts do not exceed $1,077,000 ($269,250 in unsecured debts and $807,750 in secured debts).

AGAIN, PLEASE SPEAK TO YOUR LAWYER IF YOU NEED FURTHER INFORMATION OR EXPLANATION, INCLUDING HOW THE BANKRUPTCY LAWS RELATE TO YOUR SPECIFIC CASE.

Rule 2016(b) (8/91) West Group, Rochester, NY

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re *Guse Erickson Co., (an Illinois Corp.), a Corporation*      Case No.
Chapter 7

_____ / Debtor

Attorney for Debtor: *Cary Brown*

# STATEMENT PURSUANT TO RULE 2016(B)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

1. The undersigned is the attorney for the debtor(s) in this case.

2. The compensation paid or agreed to be paid by the debtor(s), to the undersigned is:
   a) For legal services rendered or to be rendered in contemplation of and in connection with this case . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____ *7,500.00*
   b) Prior to the filing of this statement, debtor(s) have paid . . . . . . . . . . . . . . . $_____ *7,500.00*
   c) The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . . $_____ *0.00*

3. $ *209.00* of the filing fee in this case has been paid.

4. The Services rendered or to be rendered include the following:
   a) Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to file a petition under title 11 of the United States Code.
   b) Preparation and filing of the petition, schedules, statement of affairs and other documents required by the court.
   c) Representation of the debtor(s) at the meeting of creditors.

5. The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for services performed, and
   *None other*

6. The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will be from earnings, wages and compensation for services performed, and
   *None other*

7. The undersigned has received no transfer, assignment or pledge of property from debtor(s) except the following for the value stated:
   *None*

8. The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's law firm, any compensation paid or to be paid except as follows:
   *None*

Dated:                                Respectfully submitted,

Attorney for Petitioner: *Cary Brown*
*Cary Brown*
*7220 W. 194th St. - Suite 107*
*Tinley Park IL  60477*